# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>AKTHAM ABUHOURAN | CRIMINAL ACTION<br><br>No. 95-560-4 |

**MEMORANDUM/ORDER**

In 1997, this court sentenced defendant Aktham Abuhouran to 109 months in prison, five years of supervised release, and restitution in the amount of $1,860,477.44 for crimes including bank fraud and money laundering. Defendant was subsequently sentenced to, *inter alia*, a consecutive term of 24 months' imprisonment in a different matter (number 01-cr-629). Abuhouran was released from prison, and began serving his term of supervised release, on April 24, 2007. The next month, Abuhouran moved to terminate both his restitution obligations and his supervised release. This court denied that motion. Defendant now again moves (docket no. 615) for the early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). That statute permits this court, after "considering [certain] factors set forth in" 18 U.S.C. § 3553, to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the

conduct of the defendant released and the interest of justice." The government has filed an opposition to the motion (docket no. 616), and defendant has filed a reply (docket no. 620).

The factors that § 3583(e)(1) directs this court to consider include are (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need" to (a) "afford adequate deterrence to criminal conduct," (b) "protect the public from further crimes of the defendant," and (c) "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) "the kinds of sentence and sentencing range established for" the defendant and crime at issue; (4) "pertinent policy statement[s] . . . issued by the [United States] Sentencing Commission"; (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (6) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

In this case, these factors weigh strongly against early termination of supervised release. Although Abuhouran was sentenced to repay over $1.8 million in restitution in this case, it is undisputed that he has paid little, if any, of that money to recompense the victims of his fraud. A continuation of supervised release is appropriate to aid in the repayment of that amount. Further, Abuhouran's history includes attempts to commit further fraud and flee from the United States very shortly before his sentencing. Given this history, continued supervised release is also warranted as a way of protecting the

public.

The weight of these factors is not counterbalanced by Abuhouran's arguments in support of his motion. Those arguments focus largely on (1) defendant's medical problems and care, (2) Abuhouran's history while on supervised release, which he characterizes as fully compliant, and (3) alleged mistreatment by the Bureau of Prisons ("BOP"). While Abuhouran argues that his medical history shows a history of negligence by BOP doctors, he has not presented any evidence that he has been unable to secure appropriate medical care while on supervised release. Moreover, even if defendant's conduct while on supervised release has been impeccable – a characterization the government disputes – it would not, standing alone, justify early termination in light of the factors discussed above. Finally, defendant's allegations of misfeasance against the BOP are simply not relevant to the inquiry directed by § 3583. Abuhouran's motion pursuant to § 3583(e)(1) will accordingly be denied.

Defendant also challenges the legality of the portion of his sentence imposing five years of supervised release, arguing that he was subject to a maximum of three years of supervised release. This is an argument concerning the validity of defendant's sentence and therefore must be brought in a motion pursuant to 28 U.S.C. § 2255. *E.g.*, *United States v. Okereke*, 307 F.3d 117, 120 (3d Cir. 2002). Abuhouran has already filed a § 2255 motion in this case, however, meaning that this court is without jurisdiction to entertain a subsequent motion without the prior authorization of the United States Court of Appeals for the Third Circuit. *See Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir.

2002) (citing 28 U.S.C. § 2244(b)(3)(A)).

For these reasons, it is, this 15th day of June, 2010, hereby **ORDERED** that defendant's *pro se* motion for termination of supervised release (Docket No. 615) is **DENIED**.

BY THE COURT:

/s/Louis H. Pollak
Pollak, J.